IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| MELISSA BROWN, individually and on behalf of those similarly situated to her, | )<br>)<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION FILE NO. |
| v. | )<br>)<br>) JURY TRIAL DEMANDED |
| 1888 MILLS, LLC. | )<br>) |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Melissa Brown, on behalf of herself and all others similarly situated ("Plaintiff Brown" or "Plaintiffs"), hereby files this complaint against the Defendant 1888 Mills, LLC ("Defendant" or "1888 Mills") for damages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## THE PARTIES

**1.**

Plaintiff Brown is a former employee of Defendant.

**2.**

Defendant is a domestic for-profit corporation doing business in Griffin, Georgia. Defendant is engaged in interstate commerce and upon information and belief, has annual sales made or business done in excess of $500,000. At all relevant

times, Defendant is, and has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).  Moreover, Plaintiff and those similarly situated to her were engaged in work constituting engagement in interstate commerce or work relating thereto.

## JURISDICTION AND VENUE

**3.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

**4.**

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant resides at 375 Airport Road, Griffin, GA, 30224.  Defendant's registered agent is Douglas Tingle and is located at the same address.

## STATEMENT OF FACTS

**5.**

Plaintiffs were hourly employees employed in various roles at 1888 Mills over the past three years, all engaged in the manufacture and sale of fabric textiles such as towels, bedding, and curtains.  Plaintiff Brown worked at 1888 Mills as a purchasing agent.

**6.**

Defendant required Plaintiffs to work hours in excess of 40 hours in certain workweeks.

**7.**

Plaintiffs were compensated by the hour at various rates. All Plaintiffs, however, were made to use a time-keeping system that failed to credit them with the proper number of hours worked.

**8.**

Defendant's timekeeping system rounded Plaintiffs' clock-in time up to the nearest fifteen-minute interval, and rounded Plaintiffs' clock-out time down to the nearest fifteen-minute interval.

**9.**

This rounding system was used to record Plaintiffs' time worked both at the beginning and end of the workday.

**10.**

The net effect of this scheme was to consistently deprive Plaintiffs of credit for the time that they worked in excess of 40 hours each week.

**11.**

Plaintiff Brown raised complaints about this issue to Defendant numerous times. Each time, Defendant's management acknowledged the existence of the problem, but refused to do anything to correct it.

## COUNT I

## PLAINTIFFS' OVERTIME CLAIM

**12.**

Plaintiffs incorporate by reference Paragraphs 1 through 11 as if fully set forth herein.

**13.**

At all times relevant herein, Defendant operated a willful scheme to deprive overtime from Plaintiff Brown and similarly situated current and former hourly employees that were employed by Defendant within three years of the filing of this Complaint.

**14.**

Plaintiff Brown and the similarly situated individuals were compensated for their overtime hours based on a system of timekeeping which by its nature was only capable of underreporting the amount of overtime the Plaintiffs actually worked, and consistently did so.

**15.**

Plaintiff Brown files this action on behalf of herself and others similarly situated. The proposed FLSA Overtime Collective Action is defined as follows:

> All persons who worked in an hourly position at Defendant's manufacturing facility and were not paid all overtime for hours worked

over 40 in a workweek due to the improper rounding of their time.

### 16.

Defendants willfully engaged in a pattern of violating the FLSA within the meaning of 29 U.S.C. § 255.

### 17.

Notice should be sent to the FLSA collective members not already named herein. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

### 18.

Plaintiff and the collective seek back pay, liquidated damages, interest and attorneys' fees and costs incurred in connection with this claim.

**WHEREFORE** Plaintiff and the collective respectfully request judgment in its favor on each count in this Complaint and demands:

1. A Jury Trial;

2. Judgment in Plaintiff's and the Collective's favor and against Defendant under all claims in this Complaint;

3. Designation of this action as a collective action on behalf of the proposed class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly

situated members of the classes apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

4. Order Defendant's to make whole Plaintiff and the collective by providing them with out-of-pocket losses as well as back pay in an amount equal to the sum of wages, salary, employment benefits and other compensation denied or lost as a result of Defendant's unlawful acts, together with interest thereon, all in an amount to be proven at trial;

5. Statutory damages and penalties under the FLSA;

6. Grant Plaintiffs liquidated damages for Defendant's willful and intentional violations;

7. Grant Plaintiffs their reasonable attorney's fees and all other fees and costs associated with this action;

8. Prejudgment interest; and

9. Such other and further relief as is just and proper.

This 17th day of December, 2020.

*/s/ James M. McCabe*
James M. McCabe
Georgia Bar No. 724618
The McCabe Law Firm, LLC
3355 Lenox Road
Suite 750
Atlanta, GA  30326
Office: (404) 250-3233
Fax: (404) 400-1724
jim@mccabe-lawfirm.com

Attorney for Plaintiffs and Those Similarly Situated