IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| MELISSA BROWN, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>1888 MILLS, LLC,<br><br>Defendant. | Civil Action No.<br>3:20-cv-00224-TCB |

**JOINT MOTION FOR COURT APPROVAL
OF FLSA SETTLEMENT AND RELEASE AGREEMENT**

COME NOW, Plaintiff Melissa Brown, individual and on behalf of those similarly situated ("Plaintiff") and Defendant 1888 Mills, LLC ("Defendant"), (collectively referred to as the "Parties") and hereby file this Joint Motion for Court Approval of FLSA Settlement And Release Agreement.

## I.   INTRODUCTION

On December 17, 2020, Plaintiff, on behalf of herself and all others similarly situated, filed a Collective Action Complaint against Defendant claiming violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Doc. 1.) Plaintiff filed an Amended Collective Action Complaint ("Complaint") on March 3, 2021. (Doc. 11.) In Plaintiff's Complaint, she alleges that Defendant failed to pay Plaintiff

1

and other similarly situated employees the proper amount of overtime. Specifically, Plaintiff contended Defendant's time-keeping system improperly rounded up to the nearest fifteen-minute interval when an employee clocked in and rounded down to the nearest fifteen-minute interval when an employee clocked out. Defendant denied that it failed to pay Plaintiff and similarly situated employees the proper amounts.

On August 10, 2021, Plaintiff moved to conditionally certify the collective. On December 1, 2021, the Court granted Plaintiff's motion for conditional certification. The Court adopted the following definition for the collective:

> If you worked for 1888 Mills, LLC (1888 Mills or the "Company") at any time from August 10, 2018 to December 1, 2021 at a non- "production-plus" hourly employee, you may be entitled to join a lawsuit seeking unpaid wages and money damages. Even if you worked as both a "production-plus" employee and a regular hourly employee at different points in time, you may nonetheless join this lawsuit.

(Doc. 61.)

Overall, forty-eight employees, including Plaintiff, opted in to join the collective. After exchanging discovery, spending time calculating estimated amount owed to each individual opt-in, and participating in two mediations, the Parties have reached an agreement to resolve this matter based on their understanding of the potential risks and rewards of proceeding to trial.

On April 17, 2023, the Parties participated in a mediation with mediator Tanya Tate. At the end of the all-day mediation, the Parties reached a mutually agreeable agreement to settle this matter. Accordingly, the Parties respectfully request the Court review the terms of the FLSA Settlement and Release Agreement attached hereto as Exhibit 1 ("Settlement Agreement") and grant the proposed Order approving the Settlement Agreement pursuant to the standards set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

## II.    MEMORANDUM OF LAW

The Parties request the Court review and approve the Settlement Agreement so that the resolution of the FLSA claims asserted in this civil action will be in accordance with the Eleventh Circuit's requirement of judicial approval of the compromise and/or settlement of FLSA claims. *See Lynn's Food*, 679 F.2d 1350. In *Lynn's Food*, the Eleventh Circuit set forth two ways in which wage claims arising under the FLSA may be settled or compromised by employees: (1) through a payment through the Secretary of Labor, or (2) where the settlement has been reviewed and approved by a court presiding over a private lawsuit. *Id.*

When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a *bona fide* dispute. *Id.* at 1354-55. If the settlement reflects "a reasonable

compromise over issues" such as FLSA coverage, potential liability, the availability of defenses, or the computation of back wages that are "actually in dispute" the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

The Parties stipulate they had a *bona fide* dispute and the merits of the case have been highly contested from its inception. Here, Plaintiff asserted in her Complaint that Defendant deprived her and other similarly situated employees alleged unpaid wages and overtime wages. Plaintiff bases her allegation on the contention that Defendant improperly rounded clock ins and clock outs and changed start times and end times to reflect the time the employee was scheduled to work not the actual time he or she clocked in or clocked out. Defendant contends that where time was altered, it was only done so to reflect actual time the employee worked. Defendant further contends its time-keeping system utilized proper rounding techniques. The Parties also disputed how to calculate damages owed for each individual opt-in. In addition to disputing how to calculate the amount owed, the Parties disputed whether a two-year or three-year time period should apply and whether liquidated damages were applicable.

Despite their disagreements about recoverable damages, the Parties agree that the settlement reached through their negotiations represent a reasonable compromise of their *bona fide* dispute. In discussing resolution of this matter, the Parties discussed

and took into consideration factors such as the amount of claimed damages and the evidence supporting their respective position regarding damages. While the Parties still dispute the exact amount owed for each individual, the Parties were able to reach a compromise of their positions during settlement negotiations. Under the proposed settlement, the members of the collective will receive more than 100% of what Plaintiff's counsel estimated as total unpaid overtime.  The Parties and their counsel agree that, based on all available evidence, the proposed settlement is within the range of potential damages that Plaintiff (and the opt-ins) could recover at trial if they were successful.[1]

After considerable negotiations, the Parties agreed the amount of damages calculated for Plaintiff and each individual opt-in would be calculated based on the assumption that employees were deprived of approximately twenty-seven minutes of overtime per week. A detailed chart showing the amount of unpaid wages for each opt-in is attached to the Settlement Agreement as Appendix A.

---

[1] The Parties note they have entered into a separate Settlement Agreement with Plaintiff that includes a mutual release of claims as well as other provisions and is supported by separate and independent consideration. The Parties' separate Agreement contains a limited confidentiality provision, which expressly **does not** apply to the FLSA Settlement and Release Agreement in this matter and any claim released in this action.  Nonetheless, if the Court desires to review the Parties' separate Agreement, the Parties respectfully request that any such review be through an *in camera* inspection to preserve the confidential nature of that settlement.

Pursuant to the settlement, the collective is to receive the gross amount of Seventy-One Thousand Four Hundred Dollars ($71,400.00), subject to wage withholdings on half this amount. Plaintiff's counsel will receive Ninety Thousand Six Hundred and Six Dollars and 25 Cents ($90,606.25) in attorneys' fees and Sixteen Thousand Six Hundred and Ninety-Six Dollars and Sixteen Cents ($16,696.16) in expenses.[2] The Parties negotiated the amount going to Plaintiff and the opt-ins separately from fees, before negotiating the fees to be paid to Plaintiff's counsel.[3]

## III.   CONCLUSION

The Parties are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation, and the settlement reflects a compromise of the disputed claims asserted by Plaintiff. The Parties have been represented by counsel throughout the negotiation of the Settlement Agreement, and Plaintiffs have voluntarily agreed to release all wage-related claims

---

[2] The expenses included $402 filing fee, $40 service fee, $3,950 for mediation, and $11,804.16 for CPT Group class administration services. In addition, Defendant will pay directly to Tanya Tate the additional cost of second mediation that resolved this case.

[3] At the time of mediation, Plaintiff's counsel estimated its attorneys' fees at $112,250 based on rates of $450 per hour for James McCabe and $275 per hour for Graham White, with a total of 365.8 hours.

against Defendant in exchange for fair and reasonable consideration. Plaintiff's counsel and Defendant's counsel represent that the settlement entered into by the Parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter. Counsel for all Parties agree that, in their respective opinions, the terms of the Settlement Agreement, including the settlement amounts and the amount of attorney's fees and costs, are fair and reasonable.

WHEREFORE, the Parties respectfully request the Court grant the instant Joint Motion and approve the attached Settlement Agreement. A proposed Order is attached for the Court's convenience.

Respectfully submitted this 10th day of May, 2023.

| THE MCCABE LAW FIRM, LLC | FREEMAN MATHIS & GARY, LLP |
|---|---|
| *s/ James M. McCabe (w/ permission)* <br> James M. McCabe <br> Georgia Bar No. 724618 <br> S. Graham White <br> Georgia Bar No. 535538 <br> 3355 Lenox Road, Suite 750 <br> Atlanta, GA 30326 <br> T: 404.250.3233 <br> F: 404.400.1724 <br> E: jim@mccabe-lawfirm.com <br> E: graham@mccabe-lawfirm.com <br><br> *Counsel for Plaintiff* | *s/ Joyce M. Mocek* <br> Joyce M. Mocek <br> Georgia Bar No. 515005 <br> 100 Galleria Parkway, Suite 1600 <br> Atlanta, Georgia 30339 <br> T:  770.818.0000 <br> F:  770.937.9960 <br> E:  jmocek@fmglaw.com <br><br> *Counsel for Defendant* |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing **JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AND RELEASE AGREEMENT** has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

This 10th day of May, 2023.

                                                *s/ Joyce M. Mocek*
                                                Joyce M. Mocek
                                                Georgia Bar No. 515005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| MELISSA BROWN, individually and on behalf of those similarly situated,  ) ) ) Plaintiff,  ) ) v.  ) ) 1888 MILLS, LLC,  ) ) Defendant.  ) | Civil Action No. 3:20-cv-00224-TCB |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AND RELEASE AGREEMENT with the Clerk of Court using the CM/ECF system, which will automatically send an email notification of said filing to the following attorney of record:

This 10th day of May, 2023.

**FREEMAN MATHIS & GARY, LLP**

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
F: (770) 937-9960
E: jmocek@fmglaw.com

*/s/ Joyce M. Mocek*
Joyce M. Mocek
Georgia Bar No. 515005

*Counsel for Defendant*